**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO.  17-201** |
| **v.** | * | **SECTION: "I"** |
| **JEREMY ESTEVES** | * | |
| **ROBERT BRUMFIELD III** | | |
| | * * * | |

## JOINT PROPOSED JURY INSTRUCTIONS

**NOW INTO COURT,** comes the United States of America and defendants, Jeremy Esteves and Robert Brumfield III, appearing through the undersigned counsel, and, pursuant to Fed.R.Crim.P. 30, respectfully request that the Court include the following instructions in its charge to the jury.  Leave is requested to submit additional proposed instructions as they become necessary during the course of trial.

In addition to the jury instructions typically provided by the Court, the parties request the following Pattern and Substantive Instructions from Fifth Circuit Criminal Instructions (2015).

## GENERAL AND PRELIMINARY INSTRUCTIONS

§ 1.01    Preliminary Instructions

§ 1.02    Note-Taking by Jurors

§ 1.03    Introduction to Final Instructions

§ 1.04    Duty to Follow Instructions

§ 1.05    Presumption of Innocence, Burden of Proof, Reasonable Doubt

§ 1.06    Evidence - Excluding What is Not Evidence

§ 1.07    Evidence - Inferences - Direct and Circumstantial (Alternative A)

§ 1.08    Credibility of Witnesses

§ 1.10        Impeachment by Prior Inconsistencies

§ 1.12        Impeachment by Prior Conviction – Witness Other Than Defendant

§ 1.14        Accomplice-Informer-Immunity

§ 1.15        Accomplice-Co-Defendant-Plea Agreement

§ 1.17        Expert Opinion Testimony

§ 1.18        On or About

§ 1.18A       Venue - Conspiracy

§ 1.19        Caution - Consider Only Crime Charged

§ 1.20        Caution - Punishment

§ 1.23        The Indictment, Multiple Defendants, Multiple Counts

§ 1.24        Duty to Deliberate

§ 1.27        Confession-Statement-Voluntariness

§ 1.29        Identification Testimony

§ 1.31        Possession

§ 1.37        "Knowingly" - To Act

§ 1.39        Interstate Commerce  - Defined

§ 1.44        Summaries and Charts Received in Evidence

**SUBSTANTIVE OFFENSE INSTRUCTIONS**

§ 2.04        18 U.S.C. § 2, Aiding and Abetting (Counts 2 and 3)

§ 2.44        18 U.S.C. § 924(c), Brandishing of a Firearm During and In Relation to a
              Crime of Violence (Count 3)

§ 2.73A        18 U.S.C. § 1951, Extortion by Force, Violence, or Fear (Hobbs Act)
               (Counts 1 and 2)

## CONTESTED PROPOSED INSTRUCTIONS

The government objects to defendant Esteves's proposed instructions for the reasons set forth below:

## ESTEVES'S PROPOSED INSTRUCTION NO. 1

A defendant in a criminal case has a constitutional right not to testify.  No presumption of guilt may be raised, and no inference of any kind may be drawn from the fact that the defendant did not testify.

U.S. Constitution Amendment 5

***The government objects to any modifications to Pattern Instruction 1.05.***

## ESTEVES'S PROPOSED INSTRUCTION NO. 3

 The government has the burden of proving the defendant guilty beyond a reasonable doubt of every fact necessary to constitute the crime with which the defendant is charged, and if it fails to do so, you must acquit the defendant.

While the government's burden is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt.  The test is one of reasonable doubt.  A "reasonable doubt" is a doubt based upon reason and common sense, the kind of doubt that would make a reasonable person hesitate to act in the most important of his affairs.

Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his own affairs.

The jury must remember that a defendant is never to be convicted on mere suspicion, speculation or conjecture.

So if the jury, after careful and impartial consideration of all the evidence in the case, has a reasonable doubt that a defendant is guilty of a charge, you must acquit.

Fifth Circuit Pattern Jury Instructions Criminal, 2015 edition, 1.05 (Modified)

*U. S. v. Rojas Alvarez*, 451 F.3d 320, 333(5th Cir. 2006)

**The government objects to any modifications to Pattern Instruction 1.05.**

## ESTEVES'S PROPOSED INSTRUCTION NO. 4

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt.  In doing so, you must consider all the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judge of the credibility or believability of each witness and the weight to be given the witness's testimony.  An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial. If you believe that a witness has been discredited it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

In making that decision I suggest that you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense?

If you find that any witness was untruthful you may disregard the testimony of that witness and weigh whether or not the government has satisfied its burden to prove the defendant guilty beyond a reasonable doubt based on the remaining evidence.

In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other.  Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You must always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Fifth Circuit Pattern Jury Instructions Criminal, 2015 edition, 1.08 and 1.10 (Modified)

*U.S. v. Carr*, Not Reported in F. Supp. 1991 WL 194755 (E.D. La.)

**The government objects to any modifications to Pattern Instructions 1.08 and 1.10.**

## ESTEVES'S PROPOSED INSTRUCTION NO. 5

§1.13   Impeachment by Evidence of Untruthful Character

**The government does not object to this Pattern Instruction, but only if applicable to a specific witness.**

## ESTEVES'S PROPOSED INSTRUCTION NO. 6

A witness is an accomplice if he could have been indicted as a principle or an accessory in the offense for which the defendant is on trial.  The testimony of an alleged accomplice, and the testimony of one who provides evidence against a defendant as an informer for pay or for immunity from punishment or for personal advantage or vindication, should not be received by the jury as that of an ordinary witness, but ought to be received as suspicious and with the greatest care and caution.  You, the jury, must decide whether the witness's testimony has been affected by any of these circumstances, or by the witness's interest in the outcome of the case, or by

prejudice against the defendant, or by the benefits that the witness has received either financially or as a result of being immunized from prosecution or an offer to file a motion for a reduction of sentence.  You should keep in mind that such testimony is always to be received with caution and weighted with great care.

You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

Fifth Circuit Pattern Jury Instructions Criminal, 2015 edition, 1.14 (Modified)

*U. S. v. Nolte*, 440 F. 2d 1124 (5th Cir. 1971)

**The government objects to any modification to Pattern Instruction 1.14.**

## ESTEVES'S PROPOSED INSTRUCTION NO. 7

§1.16   Witness Use of Addictive Drugs

**The government objects to this proposed instruction as it is inapplicable to any government witness.**

Respectfully submitted,

PETER G. STRASSER
UNITED STATES ATTORNEY

*s/ Brittany L. Reed*
BRITTANY L. REED
Assistant United States Attorney
Louisiana Bar Roll Number 31299
Email:  Brittany.Reed2@usdoj.gov

*s/ Michael E. McMahon*
MICHAEL E. MCMAHON
Assistant United States Attorney
Louisiana Bar Roll Number 10095
650 Poydras Street, Suite 1600
New Orleans, Louisiana  70130
Telephone: (504) 680-3027
Email:  Michael.McMahon@usdoj.gov
***Counsel for the United States***

_s/ D.Majeeda Snead_
D. MAJEEDA SNEAD #15052
P. O. Box 871821
New Orleans, LA 70187
(504) 821-4747
dmajsnead@aol.com

_s/ Nandi F. Campbell_
Nandi F. Campbell (#31648)
1820 St. Charles Ave. Suite 212
New Orleans, LA  70130
Telephone: (504) 598-5577
Email: nfc.attorney@gmail.com
**_Counsel for Jeremy Esteves_**

_s/ Townsend M. Myers_
Townsend M. Myers, APLC
700 Camp Street, Suite 213
New Orleans, LA  70130
Telephone: (504) 528-9500
Email: townsend@nolacriminallaw.com
**_Counsel for Robert Brumfield III_**