UNITED SATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL DOCKET |
| VERSUS | NUMBER 17-201 |
| ROBERT BRUMFIELD, III | SECTION: "I" (3) |

**DEFENDANT'S PROPOSED AMENDMENT TO JOINT JURY INSTRUCTIONS**

**NOW COMES**, Townsend Myers, attorney for Robert Brumfield, who moves this Honorable Court to consider adding the instruction regarding "Aiding and Abetting" (Count 3: 18 USC §2 and 18 USC §924):

**Proposed Jury Instruction**

**Aiding/Abetting Using/Carrying a Firearm During Commission of a Violent Crime**

The government must prove beyond a reasonable doubt that Mr. Brumfield aided or abetted in the use of a firearm during the commission of the robbery. Unless the government proves all of the following beyond a reasonable doubt, you must find Mr. Brumfield not guilty of Count 3:

*First*: that a confederate knowingly used or carried a firearm in the commission of a violent crime; and

*Second*: that Mr. Brumfield had advance knowledge that a confederate would use or carry a firearm in the commission of a violent crime;

*Third*: that Mr. Brumfield's advance knowledge was at a time he could decide to do something about it, i.e. prevent the use of a firearm or walk away.

If the government fails to prove beyond a reasonable doubt that Mr. Brumfield had advance knowledge that confederates would use or carry a gun, in time to do something about it,

1

you must find Mr. Brumfield not guilty of Count 3.

**Argument**

Fifth Circuit Pattern Jury Instruction 2.44, Note, at 248-49 states that if the defendant is also charged with aiding and abetting a violation of § 924(c)(1), the government must prove that the defendant "actively participated in the underlying . . . violent crime with advance knowledge that a confederate would use or carry a gun during crime's commission." *United States v. Smith*, 2015 WL 1951903 (5th Cir. May 1, 2015) (citing *Rosemond v. United States*, 134 S. Ct. 1240 (2014). "Advance knowledge" means "knowledge at a time the accomplice can do something with it – most notably, opt to walk away." *Rosemond*, 134 S. Ct. at 1249-50. "A defendant 'actively participates' in a crime for aiding and abetting where the 'aid relates to . . . one (or some) of a crime's phases or elements." Id. at 1247. "An unarmed accomplice cannot aid and abet a §924(c) violation unless he has 'foreknowledge that his confederate will commit the offense with a *firearm*.'" *Rosemond*, 572 U.S. at 78.

The Supreme Court held in *Rosemond vs. U.S.*, 572 U.S. 65 (2014) that for purposes of "aiding and abetting" liability under 18 U.S.C. § 924(c), which prohibits "us[ing] or carr[ying] a firearm "during and in relation to any crime of violence or drug trafficking crime," the government must show that the defendant actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission. The case in *Rosemond* was remanded for failure to include such an instruction.

Therefore, the defendant believes the above instruction is appropriate.

2

Respectfully Submitted,

_____/s/ Townsend M. Myers_____
**TOWNSEND M. MYERS (#25193)**
700 Camp Street
New Orleans, Louisiana 70130
(504) 528-9500
townsend@nolacriminallaw.com
Attorney for Robert Brumfield, III