**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


**UNITED STATES OF AMERICA**                    **CRIMINAL ACTION**

**VERSUS**                                                    **No. 17-201**

**JEREMY ESTEVES,**                                   **SECTION I**
**& ROBERT BRUMFIELD, III**




**<u>JURY INSTRUCTIONS</u>**

# INTRODUCTION TO FINAL INSTRUCTIONS[1]

IN ANY JURY TRIAL THERE ARE, IN EFFECT, TWO JUDGES. I AM ONE OF THE JUDGES; THE OTHER IS THE JURY. IT IS MY DUTY TO PRESIDE OVER THE TRIAL AND TO DECIDE WHAT EVIDENCE IS PROPER FOR YOUR CONSIDERATION. IT IS ALSO MY DUTY AT THE END OF THE TRIAL TO EXPLAIN TO YOU THE RULES OF LAW THAT YOU MUST FOLLOW AND APPLY IN ARRIVING AT YOUR VERDICT.

FIRST, I WILL GIVE YOU SOME GENERAL INSTRUCTIONS WHICH APPLY IN EVERY CASE, FOR EXAMPLE, INSTRUCTIONS ABOUT BURDEN OF PROOF AND HOW TO JUDGE THE BELIEVABILITY OF WITNESSES. THEN I WILL GIVE YOU SOME SPECIFIC RULES OF LAW ABOUT THIS PARTICULAR CASE, AND FINALLY I WILL EXPLAIN TO YOU THE PROCEDURES YOU SHOULD FOLLOW IN YOUR DELIBERATIONS.

---

[1] Fifth Circuit Criminal Pattern Jury Instructions § 1.03.

## DUTY TO FOLLOW INSTRUCTIONS[2]

YOU, AS JURORS, ARE THE JUDGES OF THE FACTS. BUT IN DETERMINING WHAT ACTUALLY HAPPENED—THAT IS, IN REACHING YOUR DECISION AS TO THE FACTS—IT IS YOUR SWORN DUTY TO FOLLOW ALL OF THE RULES OF LAW AS I EXPLAIN THEM TO YOU.

YOU HAVE NO RIGHT TO DISREGARD OR GIVE SPECIAL ATTENTION TO ANY ONE INSTRUCTION, OR TO QUESTION THE WISDOM OR CORRECTNESS OF ANY RULE I MAY STATE TO YOU. YOU MUST NOT SUBSTITUTE OR FOLLOW YOUR OWN NOTION OR OPINION AS TO WHAT THE LAW IS OR OUGHT TO BE. IT IS YOUR DUTY TO APPLY THE LAW AS I EXPLAIN IT TO YOU, REGARDLESS OF THE CONSEQUENCES.

IT IS ALSO YOUR DUTY TO BASE YOUR VERDICT SOLELY UPON THE EVIDENCE, WITHOUT PREJUDICE OR SYMPATHY. THAT WAS THE PROMISE YOU MADE AND THE OATH YOU TOOK BEFORE BEING ACCEPTED BY THE PARTIES AS JURORS, AND THEY HAVE THE RIGHT TO EXPECT NOTHING LESS.

---

[2] Fifth Circuit Criminal Pattern Jury Instructions § 1.04.

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF,

## REASONABLE DOUBT[3]

THE SECOND SUPERSEDING INDICTMENT OR FORMAL CHARGES AGAINST A DEFENDANT ARE NOT EVIDENCE OF GUILT. INDEED, THE DEFENDANT IS PRESUMED BY THE LAW TO BE INNOCENT. THE DEFENDANT BEGINS WITH A CLEAN SLATE. THE LAW DOES NOT REQUIRE A DEFENDANT TO PROVE HIS INNOCENCE OR PRODUCE ANY EVIDENCE AT ALL AND NO INFERENCE WHATSOEVER MAY BE DRAWN FROM THE ELECTION OF A DEFENDANT NOT TO TESTIFY.

THE GOVERNMENT HAS THE BURDEN OF PROVING A DEFENDANT GUILTY BEYOND A REASONABLE DOUBT, AND IF IT FAILS TO DO SO, YOU MUST ACQUIT THE DEFENDANT. WHILE THE GOVERNMENT'S BURDEN OF PROOF IS A STRICT OR HEAVY BURDEN, IT IS NOT NECESSARY THAT THE DEFENDANT'S GUILT BE PROVED BEYOND ALL POSSIBLE DOUBT. IT IS ONLY REQUIRED THAT THE GOVERNMENT'S PROOF EXCLUDE ANY "REASONABLE DOUBT" CONCERNING THE DEFENDANT'S GUILT.

A "REASONABLE DOUBT" IS A DOUBT BASED UPON REASON AND COMMON SENSE AFTER CAREFUL AND IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE IN THE CASE. PROOF BEYOND A REASONABLE DOUBT, THEREFORE, IS PROOF OF SUCH A CONVINCING CHARACTER THAT YOU

---

[3] Fifth Circuit Criminal Pattern Jury Instructions § 1.05.

WOULD BE WILLING TO RELY AND ACT UPON IT WITHOUT HESITATION IN

MAKING THE MOST IMPORTANT DECISIONS OF YOUR OWN AFFAIRS.

## EVIDENCE—EXCLUDING WHAT IS NOT EVIDENCE[4]

AS I TOLD YOU EARLIER, IT IS YOUR DUTY TO DETERMINE THE FACTS. TO DO SO, YOU MUST CONSIDER ONLY THE EVIDENCE PRESENTED DURING THE TRIAL. EVIDENCE IS THE SWORN TESTIMONY OF THE WITNESSES, INCLUDING STIPULATIONS, AND THE EXHIBITS. THE QUESTIONS, STATEMENTS, OBJECTIONS, AND ARGUMENTS MADE BY THE LAWYERS ARE NOT EVIDENCE.

THE FUNCTION OF THE LAWYERS IS TO POINT OUT THOSE THINGS THAT ARE MOST SIGNIFICANT OR MOST HELPFUL TO THEIR SIDE OF THE CASE, AND IN SO DOING TO CALL YOUR ATTENTION TO CERTAIN FACTS OR INFERENCES THAT MIGHT OTHERWISE ESCAPE YOUR NOTICE. IN THE FINAL ANALYSIS, HOWEVER, IT IS YOUR OWN RECOLLECTION AND INTERPRETATION OF THE EVIDENCE THAT CONTROLS IN THE CASE. WHAT THE LAWYERS SAY IS NOT BINDING UPON YOU.

DURING THE TRIAL I SUSTAINED OBJECTIONS TO CERTAIN QUESTIONS AND EXHIBITS. YOU MUST DISREGARD THOSE QUESTIONS AND EXHIBITS ENTIRELY. DO NOT SPECULATE AS TO WHAT THE WITNESS WOULD HAVE SAID IF PERMITTED TO ANSWER THE QUESTION OR AS TO THE CONTENTS OF AN EXHIBIT. DO NOT CONSIDER ANY TESTIMONY OR OTHER EVIDENCE WHICH HAS BEEN REMOVED FROM YOUR

---

[4] Fifth Circuit Criminal Pattern Jury Instructions § 1.06.

CONSIDERATION IN REACHING YOUR DECISION. YOUR VERDICT MUST BE BASED SOLELY ON THE LEGALLY ADMISSIBLE EVIDENCE AND TESTIMONY.

ALSO, DO NOT ASSUME FROM ANYTHING I MAY HAVE DONE OR SAID DURING THE TRIAL THAT I HAVE ANY OPINION CONCERNING ANY OF THE ISSUES IN THIS CASE. EXCEPT FOR THE INSTRUCTIONS TO YOU ON THE LAW, YOU SHOULD DISREGARD ANYTHING I MAY HAVE SAID DURING THE TRIAL IN ARRIVING AT YOUR OWN VERDICT.

## EVIDENCE—INFERENCES—DIRECT AND CIRCUMSTANTIAL[5]

IN CONSIDERING THE EVIDENCE, YOU ARE PERMITTED TO DRAW SUCH REASONABLE INFERENCES FROM THE TESTIMONY AND EXHIBITS AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF COMMON EXPERIENCE. IN OTHER WORDS, YOU MAY MAKE DEDUCTIONS AND REACH CONCLUSIONS THAT REASON AND COMMONSENSE LEAD YOU TO DRAW FROM THE FACTS WHICH HAVE BEEN ESTABLISHED BY THE EVIDENCE.

DO NOT BE CONCERNED ABOUT WHETHER EVIDENCE IS "DIRECT EVIDENCE" OR "CIRCUMSTANTIAL EVIDENCE." YOU SHOULD CONSIDER AND WEIGH ALL OF THE EVIDENCE THAT WAS PRESENTED TO YOU.

"DIRECT EVIDENCE" IS THE TESTIMONY OF ONE WHO ASSERTS ACTUAL KNOWLEDGE OF A FACT, SUCH AS AN EYE WITNESS. "CIRCUMSTANTIAL EVIDENCE" IS PROOF OF A CHAIN OF EVENTS AND CIRCUMSTANCES INDICATING THAT SOMETHING IS OR IS NOT A FACT.

THE LAW MAKES NO DISTINCTION BETWEEN THE WEIGHT TO BE GIVEN EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE. BUT THE LAW REQUIRES THAT YOU, AFTER WEIGHING ALL OF THE EVIDENCE, WHETHER DIRECT OR CIRCUMSTANTIAL, BE CONVINCED OF THE GUILT OF THE DEFENDANT BEYOND A REASONABLE DOUBT BEFORE YOU CAN FIND HIM GUILTY.

---

[5] Fifth Circuit Criminal Pattern Jury Instructions § 1.07.

## CREDIBILITY OF WITNESSES[6]

I REMIND YOU THAT IT IS YOUR JOB TO DECIDE WHETHER THE GOVERNMENT HAS PROVED THE DEFENDANT'S GUILT BEYOND A REASONABLE DOUBT. IN DOING SO, YOU MUST CONSIDER ALL OF THE EVIDENCE. THIS DOES NOT MEAN, HOWEVER, THAT YOU MUST ACCEPT ALL OF THE EVIDENCE AS TRUE OR ACCURATE.

YOU ARE THE SOLE JUDGES OF THE CREDIBILITY OR "BELIEVABILITY" OF EACH WITNESS AND THE WEIGHT TO BE GIVEN TO THE WITNESS'S TESTIMONY. AN IMPORTANT PART OF YOUR JOB WILL BE MAKING JUDGMENTS ABOUT THE TESTIMONY OF THE WITNESSES WHO TESTIFIED IN THIS CASE. YOU SHOULD DECIDE WHETHER YOU BELIEVE ALL, SOME PART, OR NONE OF WHAT EACH PERSON HAD TO SAY. YOU SHOULD ALSO DECIDE HOW IMPORTANT THAT TESTIMONY WAS.

IN MAKING THAT DECISION I SUGGEST THAT YOU ASK YOURSELF A FEW QUESTIONS:

- DID THE WITNESS IMPRESS YOU AS HONEST?

- DID THE WITNESS HAVE ANY PARTICULAR REASON NOT TO TELL THE TRUTH?

- DID THE WITNESS HAVE A PERSONAL INTEREST IN THE OUTCOME OF THE CASE?

---

[6] Fifth Circuit Criminal Pattern Jury Instructions § 1.08.

- DID THE WITNESS HAVE ANY RELATIONSHIP WITH EITHER THE GOVERNMENT OR THE DEFENSE?

- DID THE WITNESS SEEM TO HAVE A GOOD MEMORY?

- DID THE WITNESS CLEARLY SEE OR HEAR THE THINGS ABOUT WHICH HE OR SHE TESTIFIED?

- DID THE WITNESS HAVE THE OPPORTUNITY AND ABILITY TO UNDERSTAND THE QUESTIONS CLEARLY AND ANSWER THEM DIRECTLY?

- DID THE WITNESS'S TESTIMONY DIFFER FROM THE TESTIMONY OF OTHER WITNESSES?

THESE ARE A FEW OF THE CONSIDERATIONS THAT WILL HELP YOU DETERMINE THE ACCURACY OF WHAT EACH WITNESS SAID.

YOUR JOB IS TO THINK ABOUT THE TESTIMONY OF EACH WITNESS YOU HAVE HEARD AND DECIDE HOW MUCH YOU BELIEVE OF WHAT EACH WITNESS HAD TO SAY. IN MAKING UP YOUR MIND AND REACHING A VERDICT, DO NOT MAKE ANY DECISIONS SIMPLY BECAUSE THERE WERE MORE WITNESSES ON ONE SIDE THAN ON THE OTHER. DO NOT REACH A CONCLUSION ON A PARTICULAR POINT JUST BECAUSE THERE WERE MORE WITNESSES TESTIFYING FOR ONE SIDE ON THAT POINT. YOU WILL ALWAYS BEAR IN MIND THAT THE LAW NEVER IMPOSES UPON A DEFENDANT IN A CRIMINAL CASE THE BURDEN OR DUTY OF CALLING ANY WITNESSES OR PRODUCING ANY EVIDENCE.

## IMPEACHMENT BY PRIOR INCONSISTENCIES[7]

THE TESTIMONY OF A WITNESS MAY BE DISCREDITED BY SHOWING THAT THE WITNESS TESTIFIED FALSELY, OR BY EVIDENCE THAT AT SOME OTHER TIME THE WITNESS SAID OR DID SOMETHING THAT, OR FAILED TO SAY OR DO SOMETHING, WHICH IS INCONSISTENT WITH THE TESTIMONY THE WITNESS GAVE AT THIS TRIAL.

EARLIER STATEMENTS OF A WITNESS WERE NOT ADMITTED IN EVIDENCE TO PROVE THAT THE CONTENTS OF THOSE STATEMENTS ARE TRUE. YOU MAY NOT CONSIDER THE EARLIER STATEMENTS TO PROVE THAT THE CONTENT OF AN EARLIER STATEMENT IS TRUE; YOU MAY ONLY USE EARLIER STATEMENTS TO DETERMINE WHETHER YOU THINK THE EARLIER STATEMENTS ARE CONSISTENT OR INCONSISTENT WITH THE TRIAL TESTIMONY OF THE WITNESS AND THEREFORE WHETHER THEY AFFECT THE CREDIBILITY OF THAT WITNESS.

IF YOU BELIEVE THAT A WITNESS HAS BEEN DISCREDITED IN THIS MANNER, IT IS YOUR EXCLUSIVE RIGHT TO GIVE THE TESTIMONY OF THAT WITNESS WHATEVER WEIGHT YOU THINK IT DESERVES.

---

[7] Fifth Circuit Criminal Pattern Jury Instructions § 1.10.

## IMPEACHMENT BY PRIOR CONVICTION – WITNESS OTHER THAN THE DEFENDANT[8]

YOU HAVE BEEN TOLD THAT CERTAIN WITNESSES WERE CONVICTED OF PRIOR OFFENSES. A CONVICTION IS A FACTOR YOU MAY CONSIDER IN DECIDING WHETHER TO BELIEVE THAT WITNESS, BUT IT DOES NOT NECESSARILY DESTROY THE WITNESS'S CREDIBILITY. IT HAS BEEN BROUGHT TO YOUR ATTENTION ONLY BECAUSE YOU MAY WISH TO CONSIDER IT WHEN YOU DECIDE WHETHER YOU BELIEVE THE WITNESS'S TESTIMONY. IT IS NOT EVIDENCE OF ANYTHING ELSE.

---

[8] Fifth Circuit Criminal Pattern Jury Instructions § 1.12.

## ACCOMPLICE–INFORMER–IMMUNITY[9]

THE TESTIMONY OF ONE WHO PROVIDES EVIDENCE AGAINST A DEFENDANT AS AN INFORMER FOR PAY, FOR IMMUNITY FROM PUNISHMENT, OR FOR PERSONAL ADVANTAGE OR VINDICATION, MUST ALWAYS BE EXAMINED AND WEIGHED BY THE JURY WITH GREATER CARE AND CAUTION THAN THE TESTIMONY OF ORDINARY WITNESSES. YOU, THE JURY, MUST DECIDE WHETHER THE WITNESS'S TESTIMONY HAS BEEN AFFECTED BY THESE CIRCUMSTANCES, BY THE WITNESS'S INTEREST IN THE OUTCOME OF THE CASE, BY PREJUDICE AGAINST THE DEFENDANT, OR BY THE BENEFITS THAT THE WITNESS HAS RECEIVED EITHER FINANCIALLY OR AS A RESULT OF BEING IMMUNIZED FROM PROSECUTION. YOU SHOULD KEEP IN MIND THAT SUCH TESTIMONY IS ALWAYS TO BE RECEIVED WITH CAUTION AND WEIGHED WITH GREAT CARE.

YOU SHOULD NEVER CONVICT ANY DEFENDANT UPON UNSUPPORTED TESTIMONY OF SUCH A WITNESS UNLESS YOU BELIEVE THAT TESTIMONY BEYOND A REASONABLE DOUBT.

---

[9] Fifth Circuit Criminal Pattern Jury Instructions § 1.14.

## <u>EXPERT OPINION TESTIMONY[10]</u>

IF SCIENTIFIC, TECHNICAL, OR OTHER SPECIALIZED KNOWLEDGE MIGHT ASSIST THE JURY IN UNDERSTANDING THE EVIDENCE OR IN DETERMINING A FACT IN ISSUE, A WITNESS QUALIFIED BY KNOWLEDGE, SKILL, EXPERIENCE, TRAINING, OR EDUCATION MAY TESTIFY AND STATE AN OPINION CONCERNING SUCH MATTERS.

MERELY BECAUSE SUCH A WITNESS HAS EXPRESSED AN OPINION DOES NOT MEAN, HOWEVER, THAT YOU MUST ACCEPT THIS OPINION. YOU SHOULD JUDGE SUCH TESTIMONY LIKE ANY OTHER TESTIMONY. YOU MAY ACCEPT IT OR REJECT IT AND GIVE IT AS MUCH WEIGHT AS YOU THINK IT DESERVES, CONSIDERING THE WITNESS'S EDUCATION AND EXPERIENCE, THE SOUNDNESS OF THE REASONS GIVEN FOR THE OPINION, AND ALL OTHER EVIDENCE IN THE CASE.

---

[10] Fifth Circuit Criminal Pattern Jury Instructions § 1.17.

# ON OR ABOUT[11]

YOU WILL NOTE THAT THE SECOND SUPERSEDING INDICTMENT CHARGES THAT THE OFFENSES WERE COMMITTED ON OR ABOUT A SPECIFIED DATE. THE GOVERNMENT DOES NOT HAVE TO PROVE THAT THE CRIME WAS COMMITTED ON THAT EXACT DATE, SO LONG AS THE GOVERNMENT PROVES BEYOND A REASONABLE DOUBT THAT THE DEFENDANTS COMMITTED THE CRIME ON A DATE REASONABLY NEAR DECEMBER 18, 2013, THE DATE STATED IN THE SECOND SUPERSEDING INDICTMENT.

---

[11] Fifth Circuit Criminal Pattern Jury Instructions § 1.18.

## **"AND" MEANS "OR"**[12]

YOU WILL NOTICE THAT IN THE SECOND SUPERSEDING INDICTMENT, CERTAIN CHARGES USE THE CONJUNCTIVE WORD "AND" TO DESCRIBE THE OFFENSE. HOWEVER, WHEN READING THE SECOND SUPERSEDING INDICTMENT AND WHEN REVIEWING THE ELEMENTS OF THE OFFENSE, YOU SHOULD KEEP IN MIND THAT "AND" MEANS "OR."

---

[12] *United States v. Morales-Martinez*, 496 F.3d 356, 358 (5th Cir. 2007) ("A disjunctive statute may be pleaded conjunctively and proven disjunctively.") (internal citations, quotations, and alterations omitted).

## **CAUTION—CONSIDER ONLY CRIME CHARGED**[13]

YOU ARE HERE TO DECIDE WHETHER THE GOVERNMENT HAS PROVED BEYOND A REASONABLE DOUBT THAT THE DEFENDANTS ARE GUILTY OF THE CRIMES CHARGED. THE DEFENDANTS ARE NOT ON TRIAL FOR ANY ACT, CONDUCT, OR OFFENSE NOT ALLEGED IN THE SECOND SUPERSEDING INDICTMENT. NEITHER ARE YOU CALLED UPON TO RETURN A VERDICT AS TO THE GUILT OF ANY OTHER PERSON OR PERSONS NOT ON TRIAL AS A DEFENDANT IN THIS CASE, EXCEPT AS YOU ARE OTHERWISE INSTRUCTED.

---

[13] Fifth Circuit Criminal Pattern Jury Instructions § 1.19.

## CAUTION—PUNISHMENT[14]

IF A DEFENDANT IS FOUND GUILTY, IT WILL BE MY DUTY TO DECIDE WHAT THE PUNISHMENT WILL BE. YOU SHOULD NOT BE CONCERNED WITH PUNISHMENT IN ANY WAY. IT SHOULD NOT ENTER YOUR CONSIDERATION OR DISCUSSION.

---

[14] Fifth Circuit Criminal Pattern Jury Instructions § 1.20.

## MULTIPLE DEFENDANTS—MULTIPLE COUNTS[15]

A SEPARATE CRIME IS CHARGED AGAINST ONE OR MORE OF THE DEFENDANTS IN EACH COUNT OF THE SECOND SUPERSEDING INDICTMENT. EACH COUNT, AND THE EVIDENCE PERTAINING TO IT, SHOULD BE CONSIDERED SEPARATELY. THE CASE OF EACH DEFENDANT SHOULD BE CONSIDERED SEPARATELY AND INDIVIDUALLY. THE FACT THAT YOU MAY FIND ONE OR MORE OF THE ACCUSED GUILTY OR NOT GUILTY OF ANY OF THE CRIMES CHARGED SHOULD NOT CONTROL YOUR VERDICT AS TO ANY OTHER CRIME OR ANY OTHER DEFENDANT. YOU MUST GIVE SEPARATE CONSIDERATION TO THE EVIDENCE AS TO EACH DEFENDANT.

---

[15] Fifth Circuit Criminal Pattern Jury Instructions § 1.23.

## **"KNOWINGLY"—TO ACT**[16]

THE WORD "KNOWINGLY," AS THAT TERM HAS BEEN USED FROM TIME TO TIME IN THESE INSTRUCTIONS, MEANS THAT THE ACT WAS DONE VOLUNTARILY AND INTENTIONALLY, NOT BECAUSE OF MISTAKE OR ACCIDENT.

---

[16] Fifth Circuit Criminal Pattern Jury Instructions § 1.37.

## **TRANSCRIPT OF TAPE-RECORDED CONVERSATION**[17]

I HAVE ADMITTED TRANSCRIPTS FOR THE LIMITED AND SECONDARY PURPOSE OF AIDING YOU IN FOLLOWING THE CONTENT OF THE CONVERSATION AS YOU LISTENED TO THE TAPE RECORDING DURING TRIAL, AND ALSO TO AID YOU IN IDENTIFYING THE SPEAKERS.

YOU ARE SPECIFICALLY INSTRUCTED THAT WHETHER THE TRANSCRIPT CORRECTLY OR INCORRECTLY REFLECTS THE CONTENT OF THE CONVERSATION OR THE IDENTITY OF THE SPEAKERS IS ENTIRELY FOR YOU TO DETERMINE BASED UPON YOUR OWN EVALUATION OF THE TESTIMONY YOU HAVE HEARD CONCERNING THE PREPARATION OF THE TRANSCRIPT, AND FROM YOUR OWN EXAMINATION OF THE TRANSCRIPT IN RELATION TO YOUR HEARING OF THE TAPE RECORDING ITSELF AS THE PRIMARY EVIDENCE OF ITS OWN CONTENTS; AND, IF YOU SHOULD DETERMINE THAT THE TRANSCRIPT IS IN ANY RESPECT INCORRECT OR UNRELIABLE, YOU SHOULD DISREGARD IT TO THAT EXTENT. IT IS WHAT YOU HEARD ON THE TAPE THAT IS EVIDENCE, NOT THE TRANSCRIPTS.

---

[17] Fifth Circuit Criminal Pattern Jury Instructions § 1.42.

## SUMMARIES AND CHARTS NOT RECEIVED IN EVIDENCE[18]

CERTAIN CHARTS, DIAGRAMS, AND SUMMARIES HAVE BEEN SHOWN TO YOU SOLELY AS AIDS TO HELP EXPLAIN THE FACTS DISCLOSED BY EVIDENCE IN THE CASE. THESE CHARTS, DIAGRAMS, AND SUMMARIES ARE NOT ADMITTED EVIDENCE OR PROOF OF ANY FACTS. YOU SHOULD DETERMINE THE FACTS FROM THE EVIDENCE THAT IS ADMITTED.

THE CHARTS, DIAGRAMS, AND SUMMARIES INTRODUCED SOLELY AS PEDAGOGICAL DEVICES AND NOT RECEIVED INTO EVIDENCE ARE NOT TO BE CONSIDERED AS EVIDENCE, BUT ONLY AS AN AID IN EVALUATING EVIDENCE.[19]

---

[18] Fifth Circuit Criminal Pattern Jury Instructions § 1.43.
[19] Fifth Circuit Criminal Pattern Jury Instructions § 1.43 note (citing *United States v. Harms*, 442 F.3d 367, 375 (5th Cir. 2006); Fed. R. Evid. 611(a); *United States v. Buck*, 324 F.3d 786, 790–92 (5th Cir. 2003)).

## **SUMMARIES AND CHARTS RECEIVED IN EVIDENCE**[20]

CERTAIN CHARTS, DIAGRAMS, AND SUMMARIES HAVE BEEN RECEIVED INTO EVIDENCE. YOU SHOULD GIVE THEM ONLY SUCH WEIGHT AS YOU THINK THEY DESERVE.

---

[20] Fifth Circuit Criminal Pattern Jury Instructions § 1.44.

## <u>SPECIFIC INSTRUCTIONS AS TO THE CRIMES CHARGED IN THE SECOND SUPERSEDING INDICTMENT</u>

NOW I WILL GIVE YOU SPECIFIC INSTRUCTIONS WITH RESPECT TO THE LAW APPLICABLE TO THE OFFENSES CHARGED IN THE SECOND SUPERSEDING INDICTMENT AGAINST JEREMY ESTEVES AND ROBERT BRUMFIELD, III.

## **COUNT 1: 18 U.S.C. § 1951(a)**

## **CONSPIRACY TO COMMIT INTERFERENCE WITH COMMERCE BY ROBBERY (HOBBS ACT ROBBERY)**[21]

COUNT 1 OF THE SECOND SUPERSEDING INDICTMENT CHARGES THAT, FROM A TIME UNKNOWN TO THE GRAND JURY AND UP TO AND INCLUDING DECEMBER 18, 2013, IN THE EASTERN DISTRICT OF LOUISIANA AND ELSEWHERE, LILBEAR GEORGE, AKA "BEAR," AKA "ALLEN SANTEE," DEFENDANT **JEREMY ESTEVES**, AKA "PIPE," CURTIS JOHNSON, JR., AKA "BLOW," CHUKWUDI OFOMATA, AKA "CHUCK," AND **ROBERT BRUMFIELD, III**, AKA "LIL ROB," DID KNOWINGLY AND INTENTIONALLY COMBINE, CONSPIRE, CONFEDERATE AND AGREE WITH EACH OTHER, AND WITH OTHER PERSONS KNOWN AND UNKNOWN TO THE GRAND JURY, TO OBSTRUCT, DELAY, AND AFFECT COMMERCE AND THE MOVEMENT OF ARTICLES AND COMMODITIES IN COMMERCE, BY ROBBERY—TERMS WHICH I WILL DEFINE LATER—BY TAKING U.S. CURRENCY AND PROPERTY FROM THE PRESENCE AND CUSTODY OF LOOMIS SECURITY GUARDS AT CHASE BANK, AGAINST SUCH PERSONS' WILL, BY MEANS OF ACTUAL AND THREATENED FORCE, VIOLENCE, AND FEAR OF INJURY TO SUCH PERSONS; ALL IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 1951(a).

---

[21] Fifth Circuit Criminal Pattern Jury Instructions § 2.73A (2015).

COUNT 1 FURTHER CHARGES THAT COUNTS 2 AND 3, WHICH I WILL LATER EXPLAIN TO YOU, WERE OVERT ACTS IN FURTHERANCE OF THIS CONSPIRACY.

TITLE 18, UNITED STATES CODE, SECTION 1951(a) MAKES IT A CRIME FOR ANYONE TO CONSPIRE TO OBSTRUCT, DELAY, OR AFFECT COMMERCE OR THE MOVEMENT OF ANY ARTICLE OR COMMODITY IN COMMERCE BY ROBBERY. THIS CRIME IS OTHERWISE KNOWN AS A HOBBS ACT ROBBERY.

FOR YOU TO FIND ESTEVES AND/OR BRUMFIELD GUILTY OF COUNT 1, YOU MUST BE CONVINCED THAT THE GOVERNMENT HAS PROVED EACH OF THE FOLLOWING BEYOND A REASONABLE DOUBT:[22]

**FIRST**:     THAT ESTEVES AND/OR BRUMFIELD AND AT LEAST ONE OTHER PERSON AGREED TO COMMIT THE CRIME OF INTERFERING WITH COMMERCE BY ROBBERY, THAT IS, A ROBBERY ENCOMPASSED WITHIN THE HOBBS ACT,

---

[22] *See United States v. Harrell*, 629 F. App'x 603, 604–05 (5th Cir. 2015) ("To prove a [Hobbs Act] conspiracy, the prosecution must show 'an agreement between two or more persons to commit a crime, and an overt act by one of the conspirators' to further the conspiracy.") (quoting *United States v. Box*, 50 F.3d 345, 349 (5th Cir. 1995)); *see also Ocasio v. United States*, 136 S. Ct. 1423, 1432 (2016) ("In order to establish the existence of a conspiracy to violate the Hobbs Act . . . [i]t is sufficient to prove that the conspirators agreed that the underlying crime *be committed* by a member of the conspiracy who was capable of committing it. In other words, each conspirator must have specifically intended that *some conspirator* commit each element of the substantive offense.").

**SECOND**: THAT ESTEVES AND/OR BRUMFIELD KNEW THE UNLAWFUL PURPOSE OF THE AGREEMENT AND JOINED IN IT WILLFULLY, THAT IS, WITH THE INTENT TO FURTHER THE UNLAWFUL PURPOSE; AND

**THIRD**: THAT ONE OF THE CONSPIRATORS DURING THE EXISTENCE OF THE CONSPIRACY KNOWINGLY COMMITTED AT LEAST ONE OF THE OVERT ACTS DESCRIBED IN THE SECOND SUPERSEDING INDICTMENT IN ORDER TO ACCOMPLISH SOME OBJECT OR PURPOSE OF THE CONSPIRACY.

A "CONSPIRACY" IS AN AGREEMENT BETWEEN TWO OR MORE PERSONS TO JOIN TOGETHER TO ACCOMPLISH SOME UNLAWFUL PURPOSE. IT IS A KIND OF "PARTNERSHIP IN CRIME," IN WHICH EACH MEMBER BECOMES THE AGENT OF EVERY OTHER MEMBER.

ONE MAY BECOME A MEMBER OF A CONSPIRACY WITHOUT KNOWING ALL THE DETAILS OF THE UNLAWFUL SCHEME OR THE IDENTITIES OF ALL THE OTHER ALLEGED CONSPIRATORS. IF A DEFENDANT UNDERSTOOD THE UNLAWFUL NATURE OF A PLAN OR SCHEME AND KNOWINGLY AND INTENTIONALLY JOINED IN THAT PLAN OR SCHEME ON ONE OCCASION, THAT IS SUFFICIENT TO CONVICT THAT DEFENDANT FOR CONSPIRACY EVEN THOUGH THE DEFENDANT HAD NOT

PARTICIPATED BEFORE AND EVEN THOUGH HE PLAYED ONLY A MINOR PART.

THE GOVERNMENT NEED NOT PROVE THAT THE ALLEGED CONSPIRATORS ENTERED INTO ANY FORMAL AGREEMENT, OR THAT THEY DIRECTLY STATED BETWEEN THEMSELVES ALL THE DETAILS OF THE SCHEME. SIMILARLY, THE GOVERNMENT NEED NOT PROVE THAT ALL OF THE DETAILS OF THE SCHEME ALLEGED IN THE SECOND SUPERSEDING INDICTMENT WERE ACTUALLY AGREED UPON OR CARRIED OUT, NOR MUST IT PROVE THAT ALL OF THE PERSONS ALLEGED TO HAVE BEEN MEMBERS OF THE CONSPIRACY WERE SUCH, OR THAT THE ALLEGED CONSPIRATORS ACTUALLY SUCCEEDED IN ACCOMPLISHING THEIR UNLAWFUL OBJECTIVES.

MERE PRESENCE AT THE SCENE OF AN EVENT, EVEN WITH KNOWLEDGE THAT A CRIME IS BEING COMMITTED, OR THE MERE FACT THAT CERTAIN PERSONS MAY HAVE ASSOCIATED WITH EACH OTHER AND MAY HAVE ASSEMBLED TOGETHER AND DISCUSSED COMMON AIMS AND INTERESTS, DOES NOT NECESSARILY ESTABLISH PROOF OF THE EXISTENCE OF A CONSPIRACY. ALSO, A PERSON WHO HAS NO KNOWLEDGE OF A CONSPIRACY, BUT WHO HAPPENS TO ACT IN A WAY THAT ADVANCES SOME PURPOSE OF A CONSPIRACY, DOES NOT THEREBY BECOME A CONSPIRATOR.

THE TERM "COMMERCE" MEANS COMMERCE WITHIN THE DISTRICT OF COLUMBIA, OR ANY TERRITORY OR POSSESSION OF THE UNITED STATES; ALL COMMERCE BETWEEN ANY POINT IN A STATE, TERRITORY, POSSESSION, OR THE DISTRICT OF COLUMBIA AND ANY POINT OUTSIDE THEREOF; ALL COMMERCE BETWEEN POINTS WITHIN THE SAME STATE THROUGH ANY PLACE OUTSIDE SUCH STATE; AND ALL OTHER COMMERCE OVER WHICH THE UNITED STATES HAS JURISDICTION.[23]

THE GOVERNMENT IS NOT REQUIRED TO PROVE THAT THE DEFENDANT KNEW THAT HIS CONDUCT WOULD OBSTRUCT, DELAY, OR AFFECT COMMERCE OR THE MOVEMENT OF ANY ARTICLE OR COMMODITY IN COMMERCE. IT IS NOT NECESSARY FOR THE GOVERNMENT TO SHOW THAT THE DEFENDANT ACTUALLY INTENDED OR ANTICIPATED AN EFFECT ON COMMERCE BY HIS ACTIONS. ALL THAT IS NECESSARY IS THAT THE NATURAL AND PROBABLE CONSEQUENCE OF THE ACTS THAT THE DEFENDANT TOOK WOULD BE TO AFFECT COMMERCE.

FOR CONSPIRACY TO COMMIT HOBBS ACT ROBBERY, THE GOVERNMENT NEED ONLY PROVE THAT THE COMPLETION OF THE SCHEME WOULD HAVE AFFECTED COMMERCE.[24]

---

[23] 18 U.S.C. § 1951(b)(3).

[24] *See United States v. Mann*, 493 F.3d 484, 495 (5th Cir. 2007) ("[A] generalized connection between the alleged criminal activity and interstate commerce is sufficient to sustain a conviction for *conspiracy* to violate the Hobbs Act. However, substantive convictions under the Hobbs Act require that the alleged act actually have an effect on interstate commerce."); Fifth Circuit Criminal Pattern Jury Instructions § 2.73A (2015) note ("In a prosecution for . . . [Hobbs Act] conspiracy,

THE FIRST ELEMENT OF THE CONSPIRACY[25] CHARGED IN THIS CASE REFERS TO THE UNDERLYING SUBSTANTIVE CRIME OF INTERFERENCE WITH COMMERCE BY ROBBERY—THAT IS, A HOBBS ACT ROBBERY. I WILL NOW EXPLAIN THIS FIRST ELEMENT TO YOU.

THE HOBBS ACT, TITLE 18, UNITED STATES CODE, SECTION 1951(a), MAKES IT A CRIME FOR ANYONE TO OBSTRUCT, DELAY, OR AFFECT COMMERCE OR THE MOVEMENT OF ANY ARTICLE OR COMMODITY IN COMMERCE BY ROBBERY.

TO SATISFY THE FIRST ELEMENT OF COUNT 1, THE GOVERNMENT MUST PROVE EACH OF THE FOLLOWING BEYOND A REASONABLE DOUBT:[26]

> **FIRST**:  THAT ONE OR MORE OF THE DEFENDANTS CHARGED IN THE SECOND SUPERSEDING INDICTMENT OBTAINED PROPERTY FROM ANOTHER WITHOUT THAT PERSON'S CONSENT;

---

proof that a successful completion of the scheme would have affected commerce may suffice, but substantive convictions require that each act of robbery . . . affected commerce.") (citing *Mann*, 493 F.3d at 494–96; *United States v. Jennings*, 195 F.3d 795, 801–02 (5th Cir. 1999); *United States v. Robinson*, 119 F.3d 1205, 1215 (5th Cir. 1999)).

[25] *See* pages 26–29 of these instructions regarding the elements of the conspiracy charged.

[26] Fifth Circuit Criminal Pattern Jury Instructions § 2.73A (2015).

**SECOND**:    THAT ONE OR MORE OF THE DEFENDANTS CHARGED IN THE SECOND SUPERSEDING INDICTMENT DID SO BY ROBBERY;

**THIRD**:    THAT THE CONDUCT OF ONE OR MORE OF THE DEFENDANTS CHARGED IN THE SECOND SUPERSEDING INDICTMENT IN ANY WAY OR DEGREE OBSTRUCTED, DELAYED, OR AFFECTED COMMERCE OR THE MOVEMENT OF ANY ARTICLE OR COMMODITY IN COMMERCE.

I PREVIOUSLY DEFINED THE TERM "COMMERCE."[27] WITH RESPECT TO THE SUBSTANTIVE HOBBS ACT ROBBERY, THE GOVERNMENT MUST PROVE THAT THE ALLEGED ACT ACTUALLY HAD AN EFFECT ON INTERSTATE COMMERCE.[28]

ROBBERY UNDER THE HOBBS ACT MEANS THE UNLAWFUL TAKING OR OBTAINING OF PERSONAL PROPERTY FROM A PERSON OR IN THE PRESENCE OF ANOTHER, AGAINST HIS WILL, BY MEANS OF ACTUAL OR

---

[27] *See* page 29 of these instructions for this definition.

[28] *See Mann*, 493 F.3d at 495 ("[S]ubstantive convictions under the Hobbs Act require that the alleged act actually have an effect on interstate commerce."); *United States v. Herrera*, 466 F. App'x 409, 418 (5th Cir. 2012) ("[I]llegal activity need only 'slightly' affect interstate commerce to fall under the purview of the Hobbs Act) (quoting *United States v. Box*, 50 F.3d 345, 351 (5th Cir. 1995)); *United States v. Villafranca*, 260 F.3d 374, 377 (5th Cir. 2001) ("While the effect of the defendant's activity on interstate commerce need only be slight, the effect on interstate commerce must not be attenuated."); *United States v. Collins*, 40 F.3d 95, 99 (5th Cir. 1994) ("Both direct and indirect effects on interstate commerce may violate section 1951(a).").

THREATENED FORCE, OR VIOLENCE, OR FEAR OF INJURY, IMMEDIATE OR FUTURE, TO HIS PERSON OR PROPERTY, OR PROPERTY IN HIS CUSTODY OR POSSESSION.[29]

THE TERM "PROPERTY" INCLUDES MONEY AND OTHER TANGIBLE AND INTANGIBLE THINGS OF VALUE.[30]

THE TERM "FEAR" INCLUDES FEAR OF ECONOMIC LOSS OR DAMAGE, AS WELL AS FEAR OF PHYSICAL HARM.[31]

IT IS NOT NECESSARY THAT THE GOVERNMENT PROVE THAT THE FEAR WAS A DIRECT CONSEQUENCE OF A DIRECT THREAT; IT IS SUFFICIENT FOR THE GOVERNMENT TO SHOW THAT THE VICTIM'S FEAR WAS REASONABLE UNDER THE CIRCUMSTANCES.[32]

---

[29] 18 U.S.C. § 1951(b)(1).
[30] Fifth Circuit Criminal Pattern Jury Instructions § 2.73A (2015).
[31] *Id.*
[32] *Id.*

## COUNT 2: VIOLATION OF 18 U.S.C. §§ 1951(a) AND 2

COUNT 2 OF THE SECOND SUPERSEDING INDICTMENT CHARGES THAT ON OR ABOUT DECEMBER 18, 2013, IN THE EASTERN DISTRICT OF LOUISIANA, LILBEAR GEORGE, AKA "BEAR," AKA "ALLEN SANTEE," DEFENDANT **JEREMY ESTEVES**, AKA "PIPE," CURTIS JOHNSON, JR., AKA "BLOW," CHUKWUDI OFOMATA, AKA "CHUCK," AND **ROBERT BRUMFIELD, III**, AKA "LIL ROB," AIDING AND ABETTING EACH OTHER, DID KNOWINGLY OBSTRUCT, DELAY, AND AFFECT COMMERCE AND THE MOVEMENT OF ARTICLES AND COMMODITIES IN COMMERCE, BY ROBBERY, BY TAKING U.S. CURRENCY AND PROPERTY FROM THE PRESENCE AND CUSTODY OF LOOMIS SECURITY GUARDS AT CHASE BANK, AGAINST SUCH PERSONS' WILL, BY MEANS OF ACTUAL AND THREATENED FORCE, VIOLENCE, AND FEAR OF INJURY TO SUCH PERSONS, ALL IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTIONS 1951(a) AND 2.

FIRST, I WILL INSTRUCT YOU ON TITLE 18, UNITED STATES CODE, 1951(a)—HOBBS ACT ROBBERY. THEN I WILL INSTRUCT YOU ON TITLE 18, UNITED STATES CODE, SECTION 2—AIDING AND ABETTING.

AS I STATED PREVIOUSLY, TITLE 18, UNITED STATES CODE, SECTION 1951(a) MAKES IT A CRIME FOR ANYONE TO OBSTRUCT, DELAY, OR AFFECT COMMERCE OR THE MOVEMENT OF ANY ARTICLE OR COMMODITY IN

COMMERCE BY ROBBERY. THIS CRIME IS ALSO KNOWN AS HOBBS ACT ROBBERY.

FOR YOU TO FIND A PERSON GUILTY OF HOBBS ACT ROBBERY, YOU MUST BE CONVINCED THAT THE GOVERNMENT HAS PROVED EACH OF THE FOLLOWING BEYOND A REASONABLE DOUBT:[33]

**FIRST**:   THAT THE PERSON OBTAINED PROPERTY FROM ANOTHER WITHOUT THAT PERSON'S CONSENT;

**SECOND**:   THAT THE PERSON DID SO BY ROBBERY;

**THIRD**:   THAT THE PERSON'S CONDUCT IN ANY WAY OR DEGREE OBSTRUCTED, DELAYED, OR AFFECTED COMMERCE OR THE MOVEMENT OF ANY ARTICLE OR COMMODITY IN COMMERCE.

I PREVIOUSLY DEFINED THE TERM "COMMERCE" AND EXPLAINED WHAT THE GOVERNMENT MUST PROVE WITH RESPECT TO THE COMMERCE ELEMENT AS TO THE SUBSTANTIVE HOBBS ACT ROBBERY CHARGE.[34]

I ALSO PREVIOUSLY DEFINED "ROBBERY," "FEAR," AND "PROPERTY."[35]

IN COUNT 2, ESTEVES AND BRUMFIELD ARE ALSO CHARGED WITH AIDING AND ABETTING EACH OTHER AND LILBEAR GEORGE, AKA "BEAR,"

---

[33] Fifth Circuit Criminal Pattern Jury Instructions § 2.73A (2015).
[34] *See* pages 29 and 31 of these instructions.
[35] *See* pages 31–32 of these instructions.

AKA "ALLEN SANTEE," CURTIS JOHNSON, JR., AKA "BLOW," AND
CHUKWUDI OFOMATA, AKA "CHUCK" DURING THE COMMISSION OF THE
HOBBS ACT ROBBERY CHARGED IN COUNT 2, IN VIOLATION OF TITLE 18,
UNITED STATES CODE, SECTION 2.

THE GUILT OF A DEFENDANT IN A CRIMINAL CASE MAY BE
ESTABLISHED WITHOUT PROOF THAT A DEFENDANT PERSONALLY DID
EVERY ACT CONSTITUTING THE OFFENSE ALLEGED. THE LAW
RECOGNIZES THAT, ORDINARILY, ANYTHING A PERSON CAN DO FOR
HIMSELF MAY ALSO BE ACCOMPLISHED BY HIM THROUGH THE
DIRECTION OF ANOTHER PERSON AS HIS OR HER AGENT, OR BY ACTING
IN CONCERT WITH, OR UNDER THE DIRECTION OF, ANOTHER PERSON OR
PERSONS IN A JOINT EFFORT OR ENTERPRISE.[36]

IF ANOTHER PERSON IS ACTING UNDER THE DIRECTION OF ONE OF
THE DEFENDANTS OR IF A DEFENDANT JOINS ANOTHER PERSON AND
PERFORMS ACTS WITH THE INTENT TO COMMIT A CRIME, THEN THE LAW
HOLDS THAT DEFENDANT RESPONSIBLE FOR THE ACTS AND CONDUCT OF
SUCH OTHER PERSONS JUST AS THOUGH THAT DEFENDANT HAD
COMMITTED THE ACTS OR ENGAGED IN SUCH CONDUCT.[37]

BEFORE A DEFENDANT MAY BE HELD CRIMINALLY RESPONSIBLE
FOR THE ACTS OF OTHERS, IT IS NECESSARY THAT HE DELIBERATELY

---

[36] Fifth Circuit Criminal Pattern Jury Instructions § 2.04 (2015).
[37] *Id.*

ASSOCIATE HIMSELF IN SOME WAY WITH THE CRIME AND PARTICIPATE IN IT WITH THE INTENT TO BRING ABOUT THE CRIME.[38]

OF COURSE, MERE PRESENCE AT THE SCENE OF A CRIME AND KNOWLEDGE THAT A CRIME IS BEING COMMITTED ARE NOT SUFFICIENT TO ESTABLISH THAT THE DEFENDANT EITHER DIRECTED OR AIDED AND ABETTED THE CRIME UNLESS YOU FIND BEYOND A REASONABLE DOUBT THAT THE DEFENDANT WAS A PARTICIPANT AND NOT MERELY A KNOWING SPECTATOR.[39]

IN OTHER WORDS, YOU MAY NOT FIND A DEFENDANT GUILTY UNLESS YOU FIND BEYOND A REASONABLE DOUBT THAT EVERY ELEMENT OF THE OFFENSE AS DEFINED IN THESE INSTRUCTIONS WAS COMMITTED BY SOME PERSON OR PERSONS, AND THAT THE DEFENDANT VOLUNTARILY PARTICIPATED IN ITS COMMISSION WITH THE INTENT TO VIOLATE THE LAW.[40]

FOR YOU TO FIND ESTEVES AND/OR BRUMFIELD GUILTY OF THIS CRIME, YOU MUST BE CONVINCED THAT THE GOVERNMENT HAS PROVED EACH OF THE FOLLOWING BEYOND A REASONABLE DOUBT:[41]

---

[38] *Id.*

[39] *Id.*

[40] *Id.*

[41] *Id.*; *United States v. Guanespen-Portillo*, 514 F.3d 393, 397 (5th Cir. 2008) ("To prove aiding and abetting of a criminal venture, the government must prove beyond a reasonable doubt that the defendants '(1) associated with the criminal enterprise; (2) participated in the venture; and (3) sought by [their] action to make the venture succeed.'") (quoting *United States v. Valdez*, 453 F.3d 252, 260 (5th Cir. 2006)).

**FIRST**:  THAT THE OFFENSE OF HOBBS ACT ROBBERY, IN VIOLATION OF 18 U.S.C. § 1951(a), WAS COMMITTED BY SOME PERSON;[42]

**SECOND**:  THAT ESTEVES AND/OR BRUMFIELD ASSOCIATED WITH THE CRIMINAL VENTURE;

**THIRD**:  THAT ESTEVES AND/OR BRUMFIELD PURPOSEFULLY PARTICIPATED IN THE CRIMINAL VENTURE; AND

**FOURTH**:  THAT ESTEVES AND/OR BRUMFIELD SOUGHT BY ACTION TO MAKE THAT VENTURE SUCCESSFUL.

"TO ASSOCIATE WITH THE CRIMINAL VENTURE" MEANS THAT THE DEFENDANT SHARED THE CRIMINAL INTENT OF THE PRINCIPAL. THIS ELEMENT CANNOT BE ESTABLISHED IF THE DEFENDANT HAD NO KNOWLEDGE OF THE PRINCIPAL'S CRIMINAL VENTURE.[43]

"TO PARTICIPATE IN THE CRIMINAL VENTURE" MEANS THAT THE DEFENDANT ENGAGED IN SOME AFFIRMATIVE CONDUCT DESIGNED TO AID THE VENTURE OR ASSIST THE PRINCIPAL OF THE CRIME.[44]

---

[42] *See United States v. Branch*, 91 F.3d 699, 732 (5th Cir. 1996) ("In a prosecution for aiding and abetting a crime, the Government need not identify a specific person or group of individuals as the principal.").

[43] Fifth Circuit Criminal Pattern Jury Instructions § 2.04 (2015).

[44] *Id.*

## COUNT 3: 18 U.S.C. §§ 924(c), 924(j)(1), AND 2

COUNT 3 OF THE SECOND SUPERSEDING INDICTMENT CHARGES THAT, ON OR ABOUT DECEMBER 18, 2013, IN THE EASTERN DISTRICT OF LOUISIANA, LILBEAR GEORGE, AKA "BEAR," AKA "ALLEN SANTEE," **JEREMY ESTEVES**, AKA "PIPE," CURTIS JOHNSON, JR., AKA "BLOW," CHUKWUDI OFOMATA, AKA "CHUCK," AND **ROBERT BRUMFIELD, III**, AKA "LIL ROB," AIDING AND ABETTING EACH OTHER, DID KNOWINGLY USE, CARRY, BRANDISH, AND DISCHARGE FIREARMS DURING AND IN RELATION TO CRIMES OF VIOLENCE FOR WHICH THEY MAY BE PROSECUTED IN A COURT OF THE UNITED STATES, THAT IS VIOLATIONS OF TITLE 18, UNITED STATES CODE, SECTIONS § 1951(a) AND 2, AS SET FORTH IN COUNT TWO OF THE SECOND SUPERSEDING INDICTMENT, IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTIONS 924(c)(1)(A) AND 2, AND IN THE COURSE THEREOF CAUSED THE DEATH OF HECTOR TROCHEZ THROUGH THE USE OF FIREARMS, AND THE KILLING WAS MURDER, IN THAT THE MURDER WAS COMMITTED IN PERPETRATION OF A ROBBERY AFFECTING COMMERCE; ALL IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTIONS 924(c), 924(j)(1), AND 2.

YOU WILL NOTICE THAT IN THE SECOND SUPERSEDING INDICTMENT, THE DESCRIBED OFFENSE REFERS TO "US[ING], CARRY[ING], BRANDISH[ING], AND DISCHARG[ING] FIREARMS," WHICH IS

JOINED BY THE CONJUNCTIVE WORD, "AND." AS I EXPLAINED PREVIOUSLY, WHEN READING THE SECOND SUPERSEDING INDICTMENT AND WHEN REVIEWING THE ELEMENTS OF AN OFFENSE, YOU SHOULD KEEP IN MIND THAT "AND" MEANS "OR."[45]

TITLE 18, UNITED STATES CODE, SECTION 924(c), MAKES IT A CRIME FOR ANYONE TO KNOWINGLY USE, CARRY, BRANDISH, OR DISCHARGE A FIREARM DURING AND IN RELATION TO A CRIME OF VIOLENCE.

AS I PREVIOUSLY EXPLAINED, THE GUILT OF A DEFENDANT IN A CRIMINAL CASE MAY BE ESTABLISHED WITHOUT PROOF THAT A DEFENDANT PERSONALLY DID EVERY ACT CONSTITUTING THE OFFENSE ALLEGED. THE LAW RECOGNIZES THAT, ORDINARILY, ANYTHING A PERSON CAN DO FOR HIMSELF MAY ALSO BE ACCOMPLISHED BY HIM THROUGH THE DIRECTION OF ANOTHER PERSON AS HIS OR HER AGENT, OR BY ACTING IN CONCERT WITH, OR UNDER THE DIRECTION OF, ANOTHER PERSON OR PERSONS IN A JOINT EFFORT OR ENTERPRISE.[46]

IF ANOTHER PERSON IS ACTING UNDER THE DIRECTION OF ONE OF THE DEFENDANTS OR IF A DEFENDANT JOINS ANOTHER PERSON AND PERFORMS ACTS WITH THE INTENT TO COMMIT A CRIME, THEN THE LAW HOLDS THAT DEFENDANT RESPONSIBLE FOR THE ACTS AND CONDUCT OF

---

[45] *See Morales-Martinez*, 496 F.3d at 358 ("A disjunctive statute may be pleaded conjunctively and proven disjunctively.") (internal citations, quotations, and alterations omitted).
[46] Fifth Circuit Criminal Pattern Jury Instructions § 2.04 (2015).

SUCH OTHER PERSONS JUST AS THOUGH THAT DEFENDANT HAD COMMITTED THE ACTS OR ENGAGED IN SUCH CONDUCT.[47]

BEFORE A DEFENDANT MAY BE HELD CRIMINALLY RESPONSIBLE FOR THE ACTS OF OTHERS, IT IS NECESSARY THAT HE DELIBERATELY ASSOCIATE HIMSELF IN SOME WAY WITH THE CRIME AND PARTICIPATE IN IT WITH THE INTENT TO BRING ABOUT THE CRIME.[48]

OF COURSE, MERE PRESENCE AT THE SCENE OF A CRIME AND KNOWLEDGE THAT A CRIME IS BEING COMMITTED ARE NOT SUFFICIENT TO ESTABLISH THAT THE DEFENDANT EITHER DIRECTED OR AIDED AND ABETTED THE CRIME UNLESS YOU FIND BEYOND A REASONABLE DOUBT THAT THE DEFENDANT WAS A PARTICIPANT AND NOT MERELY A KNOWING SPECTATOR.[49]

IN OTHER WORDS, YOU MAY NOT FIND THE DEFENDANT GUILTY UNLESS YOU FIND BEYOND A REASONABLE DOUBT THAT EVERY ELEMENT OF THE OFFENSE AS DEFINED IN THESE INSTRUCTIONS WAS COMMITTED BY SOME PERSON OR PERSONS, AND THAT THE DEFENDANT VOLUNTARILY PARTICIPATED IN ITS COMMISSION WITH THE INTENT TO VIOLATE THE LAW.[50]

---

[47] *Id.*
[48] *Id.*
[49] *Id.*
[50] *Id.*

FOR YOU TO FIND ESTEVES AND/OR BRUMFIELD GUILTY OF AIDING AND ABETTING THE USE, DISCHARGE, CARRYING, AND/OR BRANDISHING, OF A FIREARM DURING AND IN RELATION TO A CRIME OF VIOLENCE, YOU MUST BE CONVINCED THAT THE GOVERNMENT HAS PROVED EACH OF THE FOLLOWING BEYOND A REASONABLE DOUBT:[51]

**FIRST**:   THAT THE HOBBS ACT ROBBERY CHARGED IN COUNT 2 OF THE SECOND SUPERSEDING INDICTMENT WAS COMMITTED. I INSTRUCT YOU THAT THE HOBBS ACT ROBBERY CHARGED IN COUNT 2 IS A CRIME OF VIOLENCE;[52]

**SECOND**:   THAT THE OFFENSE OF KNOWINGLY USING, CARRYING, BRANDISHING, AND/OR DISCHARGING A FIREARM DURING AND IN RELATION TO THE CRIME OF VIOLENCE, AS CHARGED IN COUNT 3, WAS COMMITTED BY SOME PERSON IN THE COURSE OF COMMITTING THE

---

[51] *See United States v. Bowens*, 907 F.3d 347, 352 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1299 (2019) (explaining jury instructions for aiding and abetting the use of a firearm in furtherance of Hobbs Act robbery in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A)(ii)); *see also Branch*, 91 F.3d at 732 (5th Cir. 1996) ("In a prosecution for aiding and abetting a crime, the Government need not identify a specific person or group of individuals as the principal.").

[52] *See United States v. Buck*, 847 F.3d 267, 275 (5th Cir. 2017) (holding that Hobbs Act Robbery, pursuant to 18 U.S.C. § 1951(a), is a crime of violence under 18 U.S.C. § 924(c)); *Bowens*, 907 F.3d at 354 (5th Cir. 2018) (confirming that Hobbs Act robbery qualifies as a predicate crime of violence under 18 U.S.C. § 924(c)).

OFFENSE OF HOBBS ACT ROBBERY AS ALLEGED IN COUNT 2;

**THIRD**:  THAT ESTEVES AND/OR BRUMFIELD ASSOCIATED WITH THE CRIMINAL VENTURE;

**FOURTH**:  THAT ESTEVES AND/OR BRUMFIELD PURPOSEFULLY PARTICIPATED IN THE CRIMINAL VENTURE;

**FIFTH**:  THAT ESTEVES AND/OR BRUMFIELD SOUGHT BY ACTION TO MAKE THAT VENTURE SUCCESSFUL.

**SIXTH**:  THAT ESTEVES AND/OR BRUMFIELD ACTIVELY PARTICIPATED IN THE UNDERLYING VIOLENT CRIME WITH ADVANCE KNOWLEDGE THAT A CONFEDERATE WOULD USE, CARRY, BRANDISH, AND/OR DISCHARGE A GUN DURING THE COMMISSION OF THE HOBBS ACT ROBBERY.[53]

"ADVANCE KNOWLEDGE" MEANS KNOWLEDGE AT A TIME THE DEFENDANT CAN DO SOMETHING WITH IT—MOST NOTABLY, TO OPT OUT OR WALK AWAY FROM THE CRIMINAL ENTERPRISE.[54]

---

[53] Fifth Circuit Criminal Pattern Jury Instructions § 2.44 (2015) note (citing *United States v. Smith*, 609 F. App'x 180 (5th Cir. 2015); *Rosemond v. United States*, 134 S. Ct. 1240, 1249–51 (2014).

[54] *See Miller v. Fisher*, 658 F. App'x 696, 699 (5th Cir. 2016) (explaining that "an accomplice defendant 'has the intent needed to aid and abet a § 924(c) violation when he knows that one of his confederates will carry a gun,' which requires the Government to prove that the accomplice had 'advance knowledge' of a firearm, *i.e.*,

THE TERM "FIREARM" MEANS ANY WEAPON THAT WILL OR IS DESIGNED TO OR MAY READILY BE CONVERTED TO EXPEL A PROJECTILE BY THE ACTION OF AN EXPLOSIVE. THE TERM "FIREARM" ALSO INCLUDES THE FRAME OR RECEIVER OF ANY SUCH WEAPON, OR ANY FIREARM MUFFLER OR FIREARM SILENCER, OR DESTRUCTIVE DEVICE.[55]

TO PROVE THAT A PERSON "USED" A FIREARM DURING AND IN RELATION TO A CRIME OF VIOLENCE, THE GOVERNMENT MUST PROVE THAT THAT PERSON ACTIVELY EMPLOYED THE FIREARM IN THE COMMISSION OF THE HOBBS ACT ROBBERY AS SET FORTH IN COUNT 2, SUCH AS A USE THAT IS INTENDED TO OR BRINGS ABOUT A CHANGE IN THE CIRCUMSTANCES OF THE COMMISSION OF THE HOBBS ACT ROBBERY AS SET FORTH IN COUNT 2. "ACTIVE EMPLOYMENT" MAY INCLUDE BRANDISHING, DISPLAYING, REFERRING TO, BARTERING, STRIKING WITH, FIRING, OR ATTEMPTING TO FIRE THE FIREARM.  "USE" IS MORE THAN MERE POSSESSION OF A FIREARM OR HAVING IT AVAILABLE DURING THE CRIME OF VIOLENCE.[56]

TO PROVE THAT A PERSON "CARRIED" A FIREARM DURING AND IN RELATION TO A CRIME OF VIOLENCE, THE GOVERNMENT MUST PROVE THAT THAT PERSON CARRIED THE FIREARM IN THE ORDINARY MEANING

---

knowledge at a time when the accomplice could reasonably elect to opt out or walk away.") (citing *Rosemond*, 134 S. Ct. at 1249–50)); Fifth Circuit Criminal Pattern Jury Instructions § 2.04 (2015) note.

[55] *See* 18 U.S.C. § 921(1)(3).

[56] Fifth Circuit Criminal Pattern Jury Instructions § 2.44 (2015).

OF THE WORD "CARRY," SUCH AS BY TRANSPORTING A FIREARM ON THE PERSON OR IN A VEHICLE. A PERSON'S CARRYING OF THE FIREARM CANNOT BE MERELY COINCIDENTAL OR UNRELATED TO THE CRIME OF VIOLENCE.[57]

THE TERM "BRANDISH," WITH RESPECT TO A FIREARM, MEANS TO DISPLAY ALL OR PART OF THE FIREARM, OR OTHERWISE MAKE THE PRESENCE OF THE FIREARM KNOWN TO ANOTHER PERSON, IN ORDER TO INTIMIDATE THAT PERSON, REGARDLESS OF WHETHER THE FIREARM IS DIRECTLY VISIBLE TO THAT PERSON.[58]

"IN RELATION TO" MEANS THAT THE FIREARM MUST HAVE SOME PURPOSE, ROLE, OR EFFECT WITH RESPECT TO THE CRIME OF VIOLENCE.[59]

IF YOU FIND ESTEVES AND/OR BRUMFIELD, AIDING AND ABETTING OTHERS, GUILTY OF VIOLATING SECTION 924(c), YOU MUST THEN DETERMINE IF THE DEATH OF HECTOR TROCHEZ WAS CAUSED BY THE USE OF A FIREARM IN THE COURSE OF THE VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 924(c), AND WHETHER THE KILLING IS A

---

[57] *Id.*

[58] 18 U.S.C. § 924(c)(4); *United States v. Pinkston*, 75 F. App'x 309, 311 (5th Cir. 2003) (concluding that district court did not abuse its discretion in instructing the jury on the definition of "brandish" with language that mirrored the statutory definition of the term under 18 U.S.C. § 924(c)(4)).

[59] Fifth Circuit Criminal Pattern Jury Instructions § 2.44 (2015).

MURDER, AS I WILL DEFINE BELOW, IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 924(j).

FOR YOU TO FIND ESTEVES AND/OR BRUMFIELD GUILTY OF AIDING AND ABETTING MURDER, IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 924(j), YOU MUST BE CONVINCED THAT THE GOVERNMENT HAS PROVED EACH OF THE FOLLOWING BEYOND A REASONABLE DOUBT:

**FIRST**:    THAT A FIREARM WAS KNOWINGLY USED, CARRIED, BRANDISHED, AND/OR DISCHARGED DURING AND IN RELATION TO THE HOBBS ACT ROBBERY, IN VIOLATION OF SECTION 924(c);

**SECOND**:    THAT DURING THE COURSE OF THE VIOLATION OF SECTION 924(c), THE DEATH OF HECTOR TROCHEZ WAS CAUSED THROUGH THE USE OF A FIREARM;[60]

**THIRD**:    THAT THE KILLING OF HECTOR TROCHEZ IS A MURDER AS DEFINED IN TITLE 18, UNITED STATES CODE, SECTION 1111;

**FOURTH**:    THAT ESTEVES AND/OR BRUMFIELD ASSOCIATED WITH THE CRIMINAL VENTURE;

---

[60] *See Branch*, 91 F.3d at 732 (explaining that the government did not need to identify the actual gunmen who killed federal agents or demonstrate that the defendants fir[ed] a weapon in order to find the defendants guilty of aiding and abetting murder or manslaughter).

**FIFTH**:    THAT ESTEVES AND/OR BRUMFIELD SOUGHT BY ACTION TO MAKE THAT VENTURE SUCCESSFUL; AND

**SIXTH**:    THAT ESTEVES AND/OR BRUMFIELD ACTIVELY PARTICIPATED WITH ADVANCE KNOWLEDGE THAT THERE WAS A GENUINE RISK THAT A PERSON MIGHT BE SHOT AND KILLED DURING THE HOBBS ACT ROBBERY.[61]

MURDER" IS DEFINED AS THE UNLAWFUL KILLING OF A HUMAN BEING WITH MALICE AFORETHOUGHT.[62]

EVERY MURDER PERPETRATED BY . . . LYING IN WAIT, OR ANY OTHER KIND OF WILLFUL, DELIBERATE, MALICIOUS, AND PREMEDITATED KILLING; OR COMMITTED IN THE PERPETRATION OF, OR ATTEMPT TO PERPETRATE, ANY . . . MURDER . . . OR ROBBERY . . . OR PERPETRATED FROM A PREMEDITATED DESIGN UNLAWFULLY AND MALICIOUSLY TO EFFECT THE DEATH OF ANY HUMAN BEING OTHER THAN HIM WHO IS KILLED, IS MURDER IN THE FIRST DEGREE.[63]

ANY OTHER MURDER IS MURDER IN THE SECOND DEGREE.[64]

---

[61] *See United States v. Gyamfi*, 357 F. Supp. 3d 355, 363 (S.D.N.Y. 2019).

[62] 18 U.S.C. § 1111(a); *see* Fifth Circuit Criminal Pattern Jury Instructions § 2.52A (2015).

[63] *Id.*

[64] 18 U.S.C. § 1111(a); *see United States v. Lemus-Gonzalez*, 563 F.3d 88, 92 (5th Cir. 2009) ("Under federal law, second-degree murder requires 'malice aforethought,' a higher degree of culpability than that for involuntary manslaughter . . . '[E]xtreme'

TO KILL "WITH MALICE AFORETHOUGHT" MEANS EITHER TO KILL ANOTHER PERSON DELIBERATELY AND INTENTIONALLY, OR TO ACT WITH CALLOUS AND WANTON DISREGARD FOR HUMAN LIFE.[65]

TO FIND MALICE AFORETHOUGHT, YOU NEED NOT BE CONVINCED THAT A DEFENDANT HATED THE PERSON KILLED OR FELT ILL WILL TOWARD THE VICTIM AT THE TIME.[66]

IN DETERMINING WHETHER THE KILLING WAS WITH MALICE AFORETHOUGHT, YOU MAY CONSIDER THE USE OF A WEAPON OR INSTRUMENT AND THE MANNER IN WHICH THE DEATH WAS CAUSED.[67]

A KILLING IS "PREMEDITATED" WHEN IT IS THE RESULT OF PLANNING OR DELIBERATION. THE AMOUNT OF TIME NEEDED FOR PREMEDITATION OF A KILLING DEPENDS ON THE PERSON AND THE CIRCUMSTANCES. IT MUST BE LONG ENOUGH FOR THE KILLER, AFTER FORMING THE INTENT TO KILL, TO BE FULLY CONSCIOUS OF THAT INTENT.[68]

YOU SHOULD CONSIDER ALL OF THE FACTS AND CIRCUMSTANCES PRECEDING, SURROUNDING, AND FOLLOWING THE KILLING WHICH TEND

---

conduct is the degree of differentiation between second degree murder and involuntary manslaughter. Extreme recklessness and wanton disregard for human life will establish second-degree murder but not recklessness and wanton disregard for human life, which is the culpability for involuntary manslaughter.).

[65] Fifth Circuit Criminal Pattern Jury Instructions § 2.52A (2015).

[66] *Id.*

[67] *Id.*

[68] *Id.*

TO SHED LIGHT UPON THE CONDITION OF MIND OF THE DEFENDANT, BEFORE AND AT THE TIME OF THE KILLING. NO FACT, NO MATTER HOW SMALL, NO CIRCUMSTANCE, NO MATTER HOW TRIVIAL, WHICH BEARS UPON THE QUESTIONS OF MALICE AFORETHOUGHT, SHOULD ESCAPE YOUR CAREFUL CONSIDERATION.[69]

---

[69] *Id.*

## CONDUCT OF THE JURY[70]

YOU, AS THE JURORS, MUST DECIDE THIS CASE BASED SOLELY ON THE EVIDENCE PRESENTED WITHIN THE FOUR WALLS OF THIS COURTROOM.  THIS MEANS YOU MUST NOT CONDUCT ANY INDEPENDENT RESEARCH ABOUT THIS CASE, THE MATTERS IN THIS CASE, AND THE INDIVIDUALS INVOLVED IN THE CASE. IN OTHER WORDS, YOU SHOULD NOT CONSULT DICTIONARIES OR REFERENCE MATERIALS, SEARCH THE INTERNET, WEBSITES, BLOGS, OR USE ANY OTHER ELECTRONIC TOOLS TO OBTAIN INFORMATION ABOUT THIS CASE OR TO HELP YOU DECIDE THE CASE.  PLEASE DO NOT TRY TO FIND OUT INFORMATION FROM ANY SOURCE OUTSIDE THE CONFINES OF THIS COURTROOM.

AFTER YOU RETIRE TO DELIBERATE, YOU MAY BEGIN DISCUSSING THE CASE WITH YOUR FELLOW JURORS, BUT YOU CANNOT DISCUSS THE CASE WITH ANYONE ELSE UNTIL YOU HAVE RETURNED A VERDICT AND THE CASE IS AT AN END.

I HOPE THAT FOR ALL OF YOU THIS CASE IS INTERESTING AND NOTEWORTHY.  I KNOW MANY OF YOU USE CELL PHONES, THE INTERNET AND OTHER TOOLS OF TECHNOLOGY.  YOU ALSO MUST NOT TALK TO ANYONE ABOUT THIS CASE OR USE THESE TOOLS TO COMMUNICATE ELECTRONICALLY WITH ANYONE ABOUT THE CASE.  THIS INCLUDES

---

[70] Fifth Circuit Criminal Pattern Jury Instructions § 1.01 (2015)

YOUR FAMILY AND FRIENDS.   YOU MAY NOT COMMUNICATE WITH ANYONE ABOUT THE CASE ON YOUR CELL PHONE, THROUGH E-MAIL, TEXT MESSAGING, OR ON TWITTER, THROUGH ANY BLOG OR WEBSITE, THROUGH ANY INTERNET CHATROOM, OR BY WAY OF ANY OTHER SOCIAL NETWORKING WEBSITES, INCLUDING FACEBOOK, INSTAGRAM, LINKEDIN, AND YOUTUBE.

THE EVIDENCE THAT YOU ARE TO CONSIDER WILL BE LIMITED TO THE EVIDENCE THAT YOU HEAR AND REVIEW IN THIS COURTROOM.

## DUTY TO DELIBERATE[71]

TO REACH A VERDICT, WHETHER IT IS GUILTY OR NOT GUILTY, ALL OF YOU MUST AGREE. YOUR VERDICT MUST BE UNANIMOUS ON EACH COUNT OF THE SECOND SUPERSEDING INDICTMENT. YOUR DELIBERATIONS WILL BE SECRET. YOU WILL NEVER HAVE TO EXPLAIN YOUR VERDICT TO ANYONE.

IT IS YOUR DUTY TO CONSULT WITH ONE ANOTHER AND TO DELIBERATE IN AN EFFORT TO REACH AGREEMENT IF YOU CAN DO SO. EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER AN IMPARTIAL CONSIDERATION OF THE EVIDENCE WITH YOUR FELLOW JURORS. DURING YOUR DELIBERATIONS, DO NOT HESITATE TO REEXAMINE YOUR OWN OPINIONS AND CHANGE YOUR MIND IF CONVINCED THAT YOU WERE WRONG. BUT DO NOT GIVE UP YOUR HONEST BELIEFS AS TO THE WEIGHT OR EFFECT OF THE EVIDENCE SOLELY BECAUSE THE OPINION OF YOUR FELLOW JURORS, OR FOR THE MERE PURPOSE OF RETURNING A VERDICT.

REMEMBER AT ALL TIMES, YOU ARE THE JUDGES OF THE FACTS. YOUR DUTY IS TO DECIDE WHETHER THE GOVERNMENT HAS PROVED EACH DEFENDANT GUILTY BEYOND A REASONABLE DOUBT.

---

[71] Fifth Circuit Criminal Pattern Jury Instructions § 1.24 (2015).

WHEN YOU GO TO THE JURY ROOM, THE FIRST THING THAT YOU SHOULD DO IS SELECT ONE OF YOUR NUMBER AS YOUR FOREPERSON, WHO WILL HELP TO GUIDE YOUR DELIBERATIONS AND WILL SPEAK FOR YOU HERE IN THE COURTROOM.

A VERDICT FORM AS TO EACH DEFENDANT HAS BEEN PREPARED FOR YOUR CONVENIENCE. THE FOREPERSON WILL WRITE THE UNANIMOUS ANSWER OF THE JURY IN THE SPACE PROVIDED FOR EACH COUNT OF THE SECOND SUPERSEDING INDICTMENT, EITHER GUILTY OR NOT GUILTY.

SHOULD YOU FIND EITHER OR BOTH OF THE DEFENDANTS GUILTY AS TO COUNT 3, YOU MUST ANSWER INTERROGATORY NOS. 3(A), 3(B), AND 3(C), GIVING EACH INTERROGATORY INDIVIDUAL CONSIDERATION.

AT THE CONCLUSION OF YOUR DELIBERATIONS, THE FOREPERSON SHOULD DATE AND SIGN EACH VERDICT FORM.

IF YOU NEED TO COMMUNICATE WITH ME DURING YOUR DELIBERATIONS, THE FOREPERSON SHOULD WRITE THE MESSAGE AND GIVE IT TO THE COURT SECURITY OFFICER. I WILL EITHER REPLY IN WRITING OR BRING YOU BACK INTO THE COURT TO ANSWER YOUR MESSAGE.

BEAR IN MIND THAT YOU ARE NEVER TO REVEAL TO ANY PERSON, NOT EVEN TO THE COURT, HOW THE JURY STANDS, NUMERICALLY OR

OTHERWISE, ON THE CHARGES IN THE SECOND SUPERSEDING INDICTMENT UNTIL AFTER YOU HAVE REACHED A UNANIMOUS VERDICT.

YOU MAY NOW PROCEED TO THE JURY ROOM AND BEGIN YOUR DELIBERATIONS.